IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                          CR NO. 04-469 RB

STEVEN R. STONE,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant (Stone's) appeal from his conviction for a petty offense. On February 18, 2004, United States Magistrate Judge Lourdes A. Martinez found Stone guilty of camping for longer than allowed in violation of 36 C.F.R. § 261.58a. Stone argues that his conviction should be set aside because this Court lacked jurisdiction over this matter. For the reasons the reasons that follow, I find that the conviction should be affirmed.

**I. Facts.**

On August 17, 2003, United States Forest Service Officer Bobby Gomez observed a recreational vehicle (RV) registered to Stone parked in Water Canyon within the Lincoln National Forest. Officer Gomez checked the license plate number and determined that the RV belonged to Stone. Officer Gomez contacted Stone by telephone on October 5, 2003, and inquired if Stone owned the RV. Stone stated that the RV was his, and that he had parked it in Water Canyon around July 5, 2003. Officer Gomez asked Stone to remove the RV as soon as possible. When Officer Gomez checked Water Canyon on October 17, 2003, October 31, 2003, and November 9, 2003, the

RV was still there. On November 10, 2003, Officer Gomez issued a Violation Notice to Stone for violation of 36 C.F.R. § 261.58a, which prohibits camping for longer than allowed by Forest Service order.

Trial was held on February 18, 2004. Stone moved to dismiss the Violation Notice for lack of jurisdiction. Judge Martinez ruled that Stone's jurisdictional argument was without merit. After a bench trial, Judge Martinez found that Stone was notified of the thirty day camping limit, that he was asked to move on as soon as possible, and that he waited another six weeks to move his camper or to contact the United States Forest Service. Judge Martinez imposed a $300.00 fine, $25.00 SPA, and deferred six months incarceration.

Stone filed a notice of appeal on March 1, 2004. In his opening brief, filed on March 30, 2004, he challenges the territorial jurisdiction of the United States. The Government responds that this Court has jurisdiction over violations occurring on National Forrest lands and that the conviction should be affirmed. Stone replies that there are insufficient facts to prove jurisdiction.

The notice of appeal, filed within ten days of the judgment, is timely. FED. R. CRIM. P. 58(g)(2)(B). The scope of appeal is the same as an appeal to the court of appeals from a judgment entered by a district judge. FED. R. CRIM. P. 58(g)(2)(D). Oral argument would not materially assist in the determination of this appeal. The matter will be resolved on the briefs and record.

**II. Discussion.**

The judicial power of the United States Courts extends to all cases arising under the Constitution or laws of the United States. U.S. Const. art. III, §2, cl. 1. The United States District Courts have original jurisdiction over all offenses against the laws of the United States. 18 U.S.C.

§3401. Congress has authorized the Secretary of Agriculture to promulgate rules and regulations to regulate the use and occupancy of the National Forests. *See* 16 U.S.C. § 551. Any person charged with a violation of such regulation may be tried and sentenced by a United States Magistrate Judge in the same manner and subject to the same conditions as provided by 18 U.S.C. §3401 (b) to (e). *Id.*

This court has jurisdiction because the offense occurred on the Lincoln National Forest and violated a regulation promulgated pursuant to 16 U.S.C. § 551. Stone's jurisdictional challenge is without merit. The conviction should be affirmed.

**IT IS SO ORDERED.**

_____
**ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE**